ARW:plt

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   06-20335-CR-GRAHAM/O'SULLIVAN

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JOHN PETERS,
DONALD MILLER,
NATE THOMPSON,
CURTIS MOSS,  and
JASON LNU,"

       Defendants.
                                           /

**MEMORANDUM IN SUPPORT OF
PLAINTIFF UNITED STATES' MOTION
FOR ENTRY OF PROTECTIVE ORDER**

       The United States has filed its motion seeking a protective order for the purpose of retaining custody of certain property named for forfeiture in the Indictment, as supplemented by the Bill of Particulars filed on February 20, 2007, in this criminal case under the jurisdiction of this Court pursuant to the provisions of the Civil Asset Forfeiture Reform Act of 2000 and submits this memorandum in support of that motion.

       The property to which this motion refers is as follows:

**Approximately $2,759.00 in United States currency**.

The foregoing property is hereinafter referred to as such and as "the property."

The property has been named in the Indictment (DE # 3) in this matter, as supplemented by the Bill of Particulars, as subject to forfeiture in this criminal action. The Indictment, as supplemented by the Bill of Particulars, alleges that the property identified herein above is subject to forfeiture upon conviction of the crimes charged giving rise to the forfeiture pursuant to 21 U.S.C. United States Code, Section 853.

The United States currently has custody of the property. The property was seized in connection with forfeiture liability arising out of the pending criminal charges and is also subject to pending non-judicial administrative forfeiture notice and claim proceedings governed by Title 18, United States Code, Section 983. The United States believes it to be in the interest of judicial economy to have the forfeiture of the subject property adjudicated in the criminal case.

Accordingly, as is set forth in further detail below, a protective order is required to bring the property under the jurisdiction of this Court for the purpose of completing criminal forfeiture proceedings with respect thereto.

Effective August 23, 2000, the provisions of the Civil Asset Forfeiture Reform Act of 2000 (also known as "CAFRA") came into full effect.[1] As part of its effort to streamline the forfeiture process and to accommodate both civil and criminal forfeiture proceedings, CAFRA made provision for specific actions to be taken by the Courts to clarify the forfeiture adjudication process and to prevent the possibility of conflicting outcomes between administrative forfeiture proceedings and criminal judicial proceedings.[2]

---

[1] Another portion of the statute, reinstating the effect of the fugitive disentitlement doctrine in civil forfeiture cases, was deemed effective on April 1, 2000, immediately after CAFRA was signed into law. See: 28 U.S.C. § 2466.

[2] For example, if property named in an Indictment is subsequently ordered to be returned by the District Court, and in the interim, an administrative Declaration of Forfeiture has been issued, the effect would be to have two conflicting District Court orders with respect to the

CAFRA gives two key time frames in the non-judicial administrative forfeiture and civil forfeiture processes where criminal case jurisdiction can attach to assets named for forfeiture in an Indictment.[3]

First, Title 18 United States Code Section 983(a)(1)(A) provides as follows with respect to the tolling of the CAFRA 60 day notice requirement:

> (I)  Except as provided in clauses (ii) through (v), in any non-judicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, but in no case more than 60 days after the date of the seizure.
>
> . . . . . . . . . . . . .
>
> (iii)  If, before the 60-day period expires, the Government does not file a civil judicial forfeiture action, but does obtain a criminal indictment containing an allegation that the property is subject to forfeiture, the Government shall either–
>
> > (I) send notice within the 60 days and continue with the non-judicial forfeiture proceeding under this section; or
> >
> > *(II)   terminate the non-judicial civil forfeiture proceeding, and take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute.*  (Emphasis added).

An almost identical provision governs the period after notice is given and a claim is filed

---

disposition of property in question. This is because, pursuant to 19 U.S.C. §1609 (b), which codifies the administrative process for most non-judicial (or administrative) forfeitures, an administrative Declaration of Forfeiture is entitled to the full force and effect of, " ..a final decree and order of forfeiture in a judicial proceeding in a district court of the United States ...."

[3]   Of course, if property sought for forfeiture in an indictment has previously been seized with a criminal seizure warrant (issued for example, pursuant to 21 U.S.C. § 853 (e)); or a protective or restraining order in the criminal case, then no further action is necessary to have jurisdiction attach in the criminal case and CAFRA procedures for civil and non-judicial forfeitures do not come into play.

seeking a civil judicial determination of forfeiture under Title 18, United States Code, Section 983(a)(3)(B)(ii) provides as follows with respect to the tolling of the CAFRA 90 day civil complaint filing requirement:

>   (B)     If the Government does not-
>
>   >   (I) file a complaint for forfeiture or return the property in accordance with subparagraph (A); or
>   >
>   >   (ii) before the time for filing a complaint has expired-
>   >
>   >   >   (I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and
>   >   >
>   >   >   (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,
>
>   the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

Finally, Title 18, United States Code, Section 983(a)(3)(C) provides a general grant of authority to the United States to convert a non-judicial or civil forfeiture to a criminal forfeiture in appropriate cases. That provision states:

>   (C) In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute.

The "necessary steps to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute" include a criminal seizure warrant pursuant to Title 21, United States Code, Section 853(f) or a protective order pursuant to Title 21, United States Code, Sections 853(e) or (g). Since the property here is currently in the custody of the United States

pursuant to a civil seizure, otherwise governed by CAFRA, the United States seeks a post indictment protective order pursuant to Title 21, United States Code, Section 853(e)(1)(A) in order to preserve its right to maintain custody of the property pending forfeiture. The statutory provision authorizing the issuance of a protective order as to property named for forfeiture in an Indictment, Title 21, United States Code, Section 853(e)(1)(A), provides as follows:

>   (e)    Protective orders
>
>   (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section-
>
>   (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section; ....

Accordingly, an Indictment, as supplemented by the Bill of Particulars, having been filed in this action, naming the property specifically described above for forfeiture in the event of a conviction, the United States requests that for good cause shown, a protective order be entered in the form attached which permits it to retain custody of the property pending further order of the Court in this matter.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

BY:   s/ Arimentha R. Walkins
ARIMENTHA R. WALKINS
ASSISTANT U.S. ATTORNEY
FLA. BAR NO. 0897787
99 N.E. 4th STREET
MIAMI, FLORIDA 33132-2111
TEL: (305) 961-9091
FAX: (305) 536-7599
Arimentha.Walkins@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on February 20, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

 s/ Arimentha R. Walkins
ARIMENTHA R. WALKINS
ASSISTANT U.S. ATTORNEY